IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, as subrogee of KURT J. AND MARGARET M. AEBI and KURT J. AEBI and MARGARET M. AEBI, Individually<br>　　　　　Plaintiffs | *<br>*<br>*<br>* |
| v. | *　　Case No. 01CV4147 JFM |
| SUNBEAM PRODUCTS, INC.<br>and<br>VALUE CITY DEPARTMENT STORES, INC.<br>　　　　　Defendants | *<br>*<br>*<br>* |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## MOTION TO DISMISS

Defendant, Sunbeam Products, Inc., by undersigned counsel and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure moves to dismiss Plaintiffs' Consolidated Complaints because this Court lacks jurisdiction over the subject matter over the Plaintiffs' Complaints since both Complaints are void as filed in violation of an automatic Chapter 11 Stay Order pursuant to 11 U.S.C. §362. In support of the motion, Sunbeam Products, Inc. states as follows:

　　　　1.　　On August 27, 2001, Plaintiffs Kurt J. Aebi and Margaret M. Aebi filed a lawsuit in the Circuit Court for Baltimore County, Maryland entitled <u>Kurt J. Aebi and Margaret M. Aebi v. Sunbeam Products, Inc. and Value City Department Stores, Inc.</u>, Case No. 03-C-01-008893.

2. On August 29, 2001, Plaintiff State Farm Fire & Casualty Company filed a lawsuit in the Circuit Court for Baltimore County, Maryland entitled <u>State Farm Fire & Casualty Co. t/i/u and t/t/u/o Kurt J. Aebi and Margaret M. Aebi v. Sunbeam Products, Inc. and Value City Department Stores, Inc.</u>, Case No. 03-C-01-009161.

3. On or about November 29, 2001, the Circuit Court for the County of Baltimore, Maryland, entered an Order consolidating these cases.

4. Plaintiffs in these consolidated cases seek personal injury damages and property damages arising from a fire which occurred on or about September 3, 1998 in Cockeysville, Maryland.

5. On December 27, 2001, Co-Defendant, Value City Department Stores, Inc., filed a Notice of Removal to this Court. Following removal, on January 16, 2002, this Court entered an Order consolidating these cases for all purposes and designated <u>Aebi v. Sunbeam Products, Inc., et al.</u>, Civil Action No. JFM-02-74 as the lead case.

6. On December 31, 2001, Sunbeam Products, Inc. filed its "Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings" which advised this Court and all parties that these cases were subject to an Automatic Stay Order as a result of Sunbeam Products, Inc.'s Chapter 11 filing in the Bankruptcy Court for the Southern District of New York.

7. When both of these Complaints were filed in the State Court, Sunbeam Products, Inc. was under the protection of an Automatic Stay as provided by §362 of the Bankruptcy Code (11 U.S.C. 362). Sunbeam Products, Inc. filed its Chapter 11 Petition on February 6, 2001. The Automatic Stay Order under §362 remained in effect until December 18, 2002.

8. On or about January 6, 2003, Sunbeam Products, Inc. filed a "Notice of Filing of Notice Relating to Bankruptcy Proceeding". In that Notice, Sunbeam Products, Inc. advised that the Automatic Stay Order had been lifted and attached a copy of a Notice of Entry of Order which dissolved the Bankruptcy Stay Order effective December 18, 2002.

9. As set forth in more detail in the accompanying Memorandum of Law, which is incorporated by reference herein, since both of the Complaints in this consolidated action were filed in violation of a Chapter 11 Bankruptcy Stay Order, Plaintiffs' Complaints against Sunbeam Products, Inc. are void. See, e.g., Constitution Bank v. Tubbs, 68 F.3rd 685 (3rd Cir. 1995); Rexnord Holdings, Inc. v. Bidermann, 21 F.3rd 522 (2nd Cir. 1994); Home Indemnity Co. v. Killian, 94 Md. App. 205, 616 A.2d 906 (1992). Since Plaintiffs' Complaints are void, this Court lacks jurisdiction over Plaintiffs' claims against Sunbeam Products, Inc. and Plaintiffs' Complaints should be dismissed.

WHEREFORE, Defendant, Sunbeam Products, Inc., respectfully requests that this Court enter an Order:

    A. Granting Sunbeam Product, Inc.'s Motion to Dismiss Plaintiffs' Complaints;

    B. Dismissing Plaintiffs' Complaints in these consolidated actions; and

    C. Granting such other and further relief as justice and its cause require.

Respectfully submitted,

_____
Timothy L. Mullin, #00082
Edward W. Brady, #24959
Lauren N. Schultz, #26503
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland 21202

Attorney for Defendant,
Sunbeam Products, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MOTION TO DISMISS**, which was electronically filed in this case on March 6, 2003, was mailed via first class mail, postage prepaid, this ____ day of March, 2003, to:

        Isaac S. Warranch, Esq.
        1 West Pennsylvania Avenue
        Suite 500
        Towson, Maryland 21204-5025

        Stephen S. McCloskey, Esq.
        Greber & Simms
        Suite 702
        Twenty South Charles Street
        Baltimore, Maryland 21201

        Matthew P. Darby, Esq.
        Albertini, Singleton, Gendler & Darby, LLP
        3201 North Charles Street
        Suite 1A
        Baltimore, Maryland 21218

        Arthur C. Crum, Jr., Esq.
        129-13 West Patrick St.
        Frederick, Maryland 21701

        _____
        Lauren N. Schultz, #26503
        Miles & Stockbridge P.C.
        10 Light Street
        Baltimore, Maryland 21202
        Phone: (410) 727-6464
        Fax:   (410) 385-3700

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, as subrogee of | * | |
| KURT J. AND MARGARET M. AEBI and | * | |
| KURT J. AEBI and MARGARET M. AEBI, Individually | * | |
| Plaintiffs | * | |
| v. | * | Case No. 01CV4147 JFM |
| SUNBEAM PRODUCTS, INC. | * | |
| and | * | |
| VALUE CITY DEPARTMENT STORES, INC. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
SUNBEAM PRODUCT, INC.'S MOTION TO DISMISS**

Defendant, Sunbeam Products, Inc. ("Sunbeam"), by its undersigned attorneys, files this Memorandum of Law in Support of its Motion to Dismiss and states as follows:

**FACTS**

The instant product liability action arises out of a fire that occurred on September 3, 1998, at the home of Mr. and Mrs. Aebi, which is located at 14400 Cuba Road, Cockeysville, Maryland. Allegedly, the fire was caused by a Sunbeam propane gas grill, which was purchased from Value City's store in Eastpoint Mall in Baltimore, Maryland. As a result of this fire, two actions were instituted in the Circuit Court for Baltimore County. On August 27, 2001, Plaintiffs Kurt J. Aebi and Margaret M. Aebi filed a lawsuit in the Circuit Court for Baltimore County,

Maryland for alleged personal injuries. Subsequently, on August 29, 2001, Plaintiff State Farm Fire & Casualty Company, the Aebi's insurance company, filed a lawsuit in the Circuit Court for Baltimore County, Maryland seeking compensation for insurance payments made for property damage, and the Complaint also asserted the Aebi's claim for its insurance deductible. At the time these cases were filed, Sunbeam was the protection of an automatic stay as provided by § 362 of the Bankruptcy Code (11 U.S.C. § 362). Sunbeam had filed its Chapter 11 Petition on February 6, 2001, and the automatic stay remained in effect until December 18, 2002.

After the two actions were instituted, the Circuit Court for the County of Baltimore, Maryland entered an Order consolidating these cases. Then, on December 27, 2001, Sunbeam's co-defendant, Value City Department Stores, Inc., filed a Notice of Removal to this Court. Following removal, on January 16, 2002, this Court entered an Order consolidating these cases for all purposes. Thereafter, on December 31, 2001, Sunbeam Products, Inc. filed its "Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings" which advised this Court and all parties that these cases were subject to an Automatic Stay Order as a result of Sunbeam Products, Inc.'s Chapter 11 filing in the Bankruptcy Court for the Southern District of New York.

On or about January 6, 2003, Sunbeam Products, Inc. filed a "Notice of Filing of Notice Relating to Bankruptcy Proceeding." In that Notice, Sunbeam Products, Inc. advised that the Automatic Stay Order had been lifted and attached a copy of a Notice of Entry of Order which dissolved the Bankruptcy Stay Order effective December 18, 2002. Sunbeam now files the instant Motion because the actions in this matter were filed in violation of a Chapter 11 Bankruptcy Stay Order and the Plaintiffs' Complaints against Sunbeam are void. As detailed

below, because the Complaints are void, this Court lacks jurisdiction over Plaintiffs' claims against Sunbeam Products, Inc., and Plaintiffs' Complaints should be dismissed.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint for lack of jurisdiction over the subject matter. Fed. R. Civ. Pro. 12(b)(1). If the Court lacks jurisdiction, "the court has no power to rule on the validity of a claim." Verizon Maryland Inc. v. RCN Telecom Serv., Inc., 232 F. Supp. 2d 539, 545 (D. Md. 2002)(citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S.Ct. 1003(1998)). When jurisdiction "'ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1869)).

## ARGUMENT

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against "the commencement or continuation . . .of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). Subsection (b) provides exceptions to the automatic stay, none of which are applicable in the instant case. The stay is "automatic" because it is effective immediately upon the filing of the petition. Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2nd Cir. 1994)(citing Shimer v. Fugazy (In re Fugazy Express, Inc.), 982 F.2d 769, 775 (2nd Cir. 1992); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3rd Cir. 1991); see also Home Indemn. Co. v. Killian, 94 Md. App. 205, 219, 616 A.2d 906, 913 (1992)(explaining that the automatic stay imposed by section 362(a)(1) stays any proceedings against the debtor). Any action that is filed during an automatic

stay is "void and without vitality." Id. (citing 48th St. Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th St. Steakhouse, Inc.), 835 F.2d 427, 431 (2nd Cir. 1987), cert. denied 485 U.S. 1035, 108 S.Ct. 1596 (1988)). In other words, actions instituted in violation of the automatic stay are void *ab initio*. Constitution Bank v. Tubbs, 68 F.3d 685, 692 (3rd Cir. 1995).

In the instant case, Sunbeam filed its bankruptcy petition on February 6, 2001, at which time the automatic stay was triggered. More than six months later, the automatic stay was still in when the Complaints in this matter were filed. Thus, these actions are void *ab initio*, as if they were never filed. Accordingly, this Court lacks jurisdiction over this matter, and the claims asserted against Sunbeam must be dismissed.

## CONCLUSION

Plaintiffs' Complaints are void because they were filed during the period of Sunbeam Products, Inc.'s Chapter 11 Stay, which existed between February 6, 2001 and December 18, 2002. As a result, this Court cannot properly exercise jurisdiction over Plaintiffs' Complaints as to Sunbeam Products, Inc. since both Complaints are void *ab initio*.

Respectfully submitted,

_____
Timothy L. Mullin, #00082
Lauren N. Schultz, #26503
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland 21202

Attorney for Defendant,
Sunbeam Products, Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** which was electronically filed in this case on March 6, 2003, was mailed via first class mail, postage prepaid, this ____ day of March, 2003, to:

>Isaac S. Warranch, Esq.
>1 West Pennsylvania Avenue
>Suite 500
>Towson, Maryland 21204-5025
>
>Stephen S. McCloskey, Esq.
>Greber & Simms
>Suite 702
>Twenty South Charles Street
>Baltimore, Maryland 21201
>
>Matthew P. Darby, Esq.
>Albertini, Singleton, Gendler & Darby, LLP
>3201 North Charles Street
>Suite 1A
>Baltimore, Maryland 21218
>
>Arthur C. Crum, Jr., Esq.
>129-13 West Patrick St.
>Frederick, Maryland 21701

>_____
>Lauren N. Schultz, #26503
>Miles & Stockbridge P.C.
>10 Light Street
>Baltimore, Maryland 21202
>Phone: (410) 727-6464
>Fax:   (410) 385-3700

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, as subrogee of KURT J. AND MARGARET M. AEBI and KURT J. AEBI and MARGARET M. AEBI, Individually<br>　　　　　　Plaintiffs | *<br>*<br>*<br>*<br>* |
| v. | *　　Case No. 01CV4147 JFM |
| SUNBEAM PRODUCTS, INC. | * |
| and | * |
| VALUE CITY DEPARTMENT STORES, INC.<br>　　　　　　Defendants | *<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of Defendant Sunbeam Product, Inc.'s Motion to Dismiss and any Opposition filed thereto, it is this ____ day of _____, 2003, ordered that:

    1.    Sunbeam Product, Inc.'s Motion to Dismiss Plaintiffs' Complaints is GRANTED; and

    2.    The claims asserted by Plaintiffs against Sunbeam Products, Inc. are DISMISSED.

_____
The Honorable J. Frederick Motz
United States District Court for the District of Maryland

cc:    Counsel of Record