IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

STATE FARM FIRE & CASUALTY COMPANY, as subrogee of KURT J. AND MARGARET M. AEBI *
and
KURT J. AEBI and MARGARET M. AEBI, Individually *
Plaintiffs *

v. * Case No. 01CV4147 JFM

SUNBEAM PRODUCTS, INC. *

and *

VALUE CITY DEPARTMENT STORES, INC. *
Defendants *

* * * * * * * * * * * * * * *

**REPLY TO PLAINTIFFS, KURT AND MARGARET AEBI'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant, SUNBEAM PRODUCTS, INC. (hereinafter "Sunbeam"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, has moved to dismiss Plaintiffs' consolidated Complaints because they were filed in violation of 11 U.S.C. §362. In reply to the Opposition of Plaintiffs, Kurt and Margaret Aebi, and in support of the Motion to Dismiss, Sunbeam states as follows:

**FACTUAL BACKGROUND**

On March 6, 2003, Sunbeam properly filed a Motion to Dismiss and accompanying Memorandum of Law, seeking to dismiss this action because the consolidated complaints were filed while Sunbeam was the protection of an automatic stay as provided by § 362 of the Bankruptcy Code (11 U.S.C. § 362).

On March 24, 2003, Plaintiffs, Margaret and Kurt Aebi, filed their Opposition to the Motion, arguing that filing a lawsuit against a debtor protected by an automatic stay, was merely voidable, not void. However, as detailed below, this argument is unconvincing, and Sunbeam's Motion to Dismiss should be granted.

**ARGUMENT**

In an attempt to avoid the dismissal of their claims in this matter, Plaintiffs, in their opposition to Sunbeam's Motion to Dismiss, ask this Court to ignore the law and find that their action, which was filed against a debtor protected by an automatic stay, was merely voidable, not void. However, there are no cases in the Fourth Circuit that support the position that actions taken in violation of an automatic stay under §362 are **voidable**. Only two of the five states comprising the Circuit, Maryland and South Carolina, have addressed the manner in which violations of automatic stay should be treated. In both Maryland and South Carolina, actions taken during the stay are **void**. Home Indem. Co. v. Killian, 616 A.2d 906 (Ma. 1992); Ex Parte Reichlyn, 427 S.E.2d 661 (S.C. 1993). In fact, the majority of federal circuits hold that actions in violation of the automatic stay are **void**. Easley v. Pettibone Mich. Corp., 990 F.2d 905, 909 (6th Cir. 1993). In accordance with the majority of federal circuits and the states in the Fourth Circuit, this Court should consider the action taken in violation of the automatic stay as void, and Sunbeam's Motion to Dismiss should be granted without further consideration. Home Indem. Co. v. Killian, 616 A.2d 906 (Ma. 1992).

Yet, even if this Court were to consider that violations of the automatic stay were merely voidable, dismissal is still appropriate. If an action is voidable, there must be a finding that limited equitable exceptions exist, in order to validate the action. Easley v.

Pettibone Mich. Corp., 990 F.2d 905, 909 (6th Cir. 1993). In Easley, the court analyzed the void/voidable question, in light of similar circumstances, where plaintiffs filed in violation of the stay and then failed to refile, as required in 11 U.S.C 108(c), within thirty days of notice that the stay was lifted. Id. at 905.

As in the present case, in Easley, the statute of limitations had run and plaintiffs were facing a motion to dismiss which would have terminated all legal pursuit against the product manufacturer. The 6th Circuit Court of Appeals reversed the U.S. District Court for the Eastern District of Michigan's denial of the debtor's motion to dismiss. Id. at 912

The court in Easley, stated the following considerations for finding the limited equitable circumstances in its' holding:

> "We suggest that only where the debtor unreasonably withholds notice of the stay **and** [emphasis added] the creditor would be prejudiced if the debtor is able to raise the stay as a defense, **or** [emphasis added] where the debtor is attempting to use the stay as a shield to avoid an unfavorable result…" Id. at 911.

Cases were limited equitable exceptions are found, usually involve unreasonable conduct on the part of a debtor, who fails to inform the plaintiff of the automatic stay or acts as if the stay will not be relied on. Roseman v. Roseman, 14 F.3d 602 (6th Cir. 1993) However, even the circuits that consider action during the stay as "voidable" agree that the limited equitable exceptions should be granted "sparingly." Roseman v. Roseman, 14 F.3d 602 (6th Cir. 1993)

Sunbeam acted fairly and reasonably throughout the bankruptcy stay. There is no allegation that Sunbeam hid the fact that it was in bankruptcy or that it was relying on the automatic stay, as all of the proper notices evidence. In fact, all of the judicially ordered

status conferences, with all parties in attendance, centered on the fact that the case could not proceed with Sunbeam in Chapter 11, due to the automatic stay.

Plaintiffs are responsible for their own actions or inactions. They chose to wait until the eve of the statute of limitations to file the lawsuit, which could have been filed anytime after the injury on September 3rd of 1998 or before February 6, 2001 and not been in violation of the automatic stay. Plaintiffs could have chosen to dismiss Sunbeam, but did not. In addition, Plaintiffs could have moved to lift the stay, but chose not to.

Further, Plaintiffs could have, sometime, over the two year automatic stay, researched the law, as it pertained to preserving their filing, by using the grace period afforded in 11 U.S.C. §108(c). Plaintiffs' assertion that Sunbeam should have informed them of the law is unrealistic and not grounded in law. "The law is presumed to be equally within the knowledge of all parties." Upton v. Tribilcock, 91 U.S. 45, 50 (1875).

In Easley, the court faced the exact same circumstances, as in this case, and found that the debtor acted reasonably and the equitable exceptions did not apply. In its' ruling the court in Easley, stated:

> "Defendant did nothing to lull the plaintiffs into believing it would not rely on the stay. Indeed, defendant moved to have plaintiffs' action declared null and void after the thirty-day grace period for filing had expired. Although plaintiffs will be prejudiced because they have lost their products liability claim against defendant, this is because they failed to refile their action within the thirty-day grace period afforded by 11 U.S.C. § 108(c)." Id. at 912.

On or about January 6, 2003, Sunbeam filed a "Notice of Filing of Notice Relating to Bankruptcy." In that document, Sunbeam advised that the automatic stay had been lifted and attached a copy of a Notice of Entry of Order which dissolved the

Bankruptcy Stay Order effective December 18, 2002. More than thirty days have elapsed since January 6, 2003 and the grace period provided for under 11 U.S.C. § 108(c) has expired. The Plaintiffs never attempted to refile their complaint. As such, the Plaintiffs' Complaint should be dismissed for lack of jurisdiction.

## CONCLUSION

Under the majority view of federal law and the law of the State of Maryland, the Plaintiffs' actions in violation of the stay are void and Sunbeam's Motion to Dismiss should be granted.

If this Court were to follow the minority view and find that Plaintiffs' action merely voidable, the Motion to Dismiss should still be granted because Sunbeam's conduct was reasonable in relying on the automatic stay, all parties were aware of the stay and therefore, no grounds exist for imposing the limited equitable exceptions. Accordingly, Sunbeam Products, Inc., for the reasons stated above, moves this Court to dismiss Plaintiffs' Complaints in these consolidated actions.

______________________________

Timothy L. Mullin, #00082
Edward W. Brady, #24959
Lauren N. Schultz, #26503
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland 21202

Attorney for Defendant,
Sunbeam Products, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **MOTION TO DISMISS**, which was electronically filed in this case on April 7, 2003, was mailed via first class mail, postage prepaid, this 7th day of April, 2003, to:

Mark Brown, Esquire
1 West Pennsylvania Avenue
Suite 500
Towson, Maryland 21204-5025

Stephen S. McCloskey, Esq.
Greber & Simms
Suite 702
Twenty South Charles Street
Baltimore, Maryland 21201

Matthew P. Darby, Esq.
Albertini, Singleton, Gendler & Darby, LLP
3201 North Charles Street
Suite 1A
Baltimore, Maryland 21218

Arthur C. Crum, Jr., Esq.
129-13 West Patrick St.
Frederick, Maryland 21701

______________________
Lauren N. Schultz, #26503